Miriam J. JIGGETTS, Plaintiff—Appellant,

v.

David SHARPE; Michelle Collins; Robin Kessler; American Funds Group, Defendants—Appellees.

No. 05–1286.

United States Court of Appeals, Fourth Circuit.

Submitted: July 29, 2005.

Decided: Aug. 16, 2005.

Miriam J. Jiggetts, Appellant Pro Se. Sharon Smith Goodwyn, James Richard Theuer, Hunton & Williams, Norfolk, Virginia, for Appellees.

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Miriam J. Jiggetts appeals the district court's order dismissing without prejudice her complaint filed under the Age Discrimination in Employment Act ("ADEA") and

Virginia Human Rights Act for failure to exhaust administrative remedies.

Individuals cannot be held liable for employment discrimination under the ADEA. *See Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507 (4th Cir.1994) (holding that individual employees are not proper defendants in ADEA lawsuits). We therefore affirm the dismissal of the complaint as to Defendants David Sharpe, Michelle Collins, and Robin Kessler on the district court's alternate reasoning that individual liability does not attach under the ADEA.

Because Jiggetts has produced evidence before this court suggesting that she timely filed a charge with the Equal Employment Opportunity Commission and thus properly exhausted her administrative remedies, we vacate the dismissal as to Defendant American Funds Group ("AFG") and remand to the district court to evaluate Jiggetts' exhaustion evidence.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*

---

* By this disposition, we indicate no view regarding whether Jiggetts in fact properly exhausted her administrative remedies, leaving

resolution of this question to the district court.